IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| CEDRIC LAVON JAMES, #2165296 | § | |
| VS. | § | CIVIL ACTION NO. 2:19cv144 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE

Petitioner Cedric Lavon James, a prisoner within the Texas Department of Criminal Justice proceeding *pro se*, filed this federal petition for a writ of habeas corpus challenging a Harrison County conviction.  The petition was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the petition.

**I. Procedural Background**

On January 23, 2018, after the jury found him guilty, James was sentenced to fifteen years' imprisonment for one count of evading arrest using a vehicle, (Dkt. #13, pg. id. #676). His punishment was enhanced due to James's prior conviction for indecency with a child, to which he pleaded "true." *Id*.

James filed a direct appeal, and the Sixth Court of Appeals affirmed the conviction in a written opinion on July 21, 2018. *James v. State*, 555 S.W.3d 254 (Tex.App.—Texarkana 2018, pet. dism'd). In affirming James's conviction and sentence, the appellate court found that the (1) trial court did not abuse its discretion by admitting evidence of an extraneous offense that James evaded arrest twenty days prior to the charged crime as evidence of modus operandi; (2) the court did not abuse its discretion in admitting an extraneous offense as its probative value was not substantially outweighed by the danger of unfair prejudice; and (3) if the court did err, admitting

1

evidence that James was a registered sex offender did not harm him. *Id*. The Texas Court of Criminal Appeals dismissed James's petition for discretionary review as untimely.

James filed a state habeas application on January 8, 2019, (Dkt. #13, pg. id. #726). On February 20, 2019, the Texas Court of Criminal Appeals denied his application without written order. *Id*. at pg. id. #660. James filed this federal habeas proceeding on April 9, 2019, pursuant to the mailbox rule.

## II. James's Federal Petition

James raises a variety of claims in his federal petition. Specifically, he maintains that trial counsel was ineffective for failing to (1) file a motion to suppress illegally obtained evidence; (2) object to irrelevant evidence and hearsay; (3) object to the prosecutor's improper statements; (4) investigate the officer's testimony concerning a positive identification; and (5) object to the warrant with an incorrect date.

He further claims that his Fourteenth Amendment rights were violated when (1) the evidence admitted was prejudicial, circumstantial, and inflammatory; (2) the State produced no tape or evidence; (3) the evidence was misleading; and (4) the use of a prior, alleged evading arrest incident was prejudicial. Finally, James maintains that the evidence against him was insufficient to support a conviction because there was no videotape, hearsay was used, he was arrested days later, and the witness was unreliable. James seeks a court order reversing his conviction and/or a new trial.

## III. Respondent's Answer and James's Reply

After being ordered to do so, Respondent filed an answer addressing James's federal petition, (Dkt. #12). Respondent argues that several of James's claims are unexhausted and procedurally barred. Moreover, Respondent maintains that his exhausted claims are without

merit—and that James failed to demonstrate that the state court's rejection of his claims was unreasonable or contrary to federal law.

James filed a reply, (Dkt. #18). He articulates that the State is "malicious" in its attempt to rely on the procedural bar, as the State is trying to prevent his claims from being addressed because the State is not interested in the Constitution. He also asserts that he is actually innocent and that appellate counsel was ineffective.

## IV. Standard of Review

### 1. Federal Habeas Review

The role of federal courts in reviewing habeas petitions filed by state prisoners is exceedingly narrow. A prisoner seeking federal habeas corpus review must assert a violation of a federal constitutional right; federal relief is unavailable to correct errors of state constitutional, statutory, or procedural law unless a federal issue is also present. *See Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993); *see also Estelle v. McGuire*, 503 F.3d 408, 413 (5th Cir. 2007) ("We first note that 'federal habeas corpus relief does not lie for errors of state law.'") (internal citation omitted). When reviewing state proceedings, a federal court will not act as a "super state supreme court" to review error under state law. *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007).

Federal habeas review of state court proceedings is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996. Under the AEDPA, which imposed several habeas corpus reforms, a petitioner who is in custody "pursuant to the judgment of a State court" is not entitled to federal habeas relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established law, as determined by the Supreme Court of the United States; or

2.  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).  The AEDPA imposes a "highly deferential standard for evaluating state court rulings," which demands that federal courts give state court decisions "the benefit of the doubt."  *See Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations omitted); *see also Cardenas v. Stephens*, 820 F.3d 197, 201-02 (5th Cir. 2016) ("Federal review under the AEDPA is therefore highly deferential: The question is not whether we, in our independent judgment, believe that the state court reached the wrong result.  Rather, we ask only whether the state court's judgment was so obviously incorrect as to be an objectively unreasonable resolution of the claim.").  Given the highly deferential standard, a state court's findings of fact are entitled to a presumption of correctness and a petitioner can only overcome that burden through clear and convincing evidence.  *Reed v. Quarterman*, 504 F.3d 465, 490 (5th Cir. 2007).

*2. Ineffective Assistance of Counsel*

To show that trial counsel was ineffective, James must demonstrate both deficient performance and ensuing prejudice.  *See Strickland v. Washington*, 466 U.S. 668 (1984).  In evaluating whether an attorney's conduct was deficient, the question becomes whether the attorney's conduct fell below an objective standard of reasonableness based on "prevailing norms of practice."  *See Loden v. McCarty*, 778 F.3d 484, 494 (5th Cir. 2016).

Moreover, to establish prejudice, the petitioner must show that there is a reasonable probability that—absent counsel's deficient performance—the outcome or result of the proceedings would have been different.  *Id.*; *see also Reed v. Stephens*, 739 F.3d 753, 773 (5th Cir. 2014) (quoting *Strickland*, 466 U.S. at 687)).  It is well-settled that a "reasonable probability" is one that is sufficient to undermine confidence in the outcome of the proceedings.  *Strickland*, 466 U.S. at 694.  Importantly, the petitioner alleging ineffective assistance must show both deficient

performance and prejudice. *See Charles v. Stephens*, 736 F.3d 380, 388 (5th Cir. 2013) ("A failure to establish either element is fatal to a petitioner's claim.") (internal citation omitted). Given the already highly deferential standard under the AEDPA, establishing a state court's application whether counsel was ineffective "is all the more difficult." *Harrington v. Richter*, 562 U.S. 86, 105 (2011); *see also Charles*, 736 F.3d at 389 ("Both the *Strickland* standard and the AEDPA standard are highly deferential, and when the two apply in tandem, review is doubly so.") (internal quotations and citation omitted).

**V. Discussion and Analysis**

As an initial matter, Rule 2(c) of the Rules Governing Section 2254 Proceedings in the United States District Courts states that a habeas petition must:

> (1) specify all of the grounds of relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. §2242.

Petitioner James's petition and "supplemental facts," (Dkt. #9), largely do not comply with Rule 2(c) because his claims are conclusory and vague.

<u>A. Exhaustion and the Procedural Bar</u>

Nonetheless, first, Respondent maintains that several of James's claims are both unexhausted and procedurally barred. Specifically, it argues that James failed to exhaust the following claims: (1) counsel was ineffective for failing to file a motion to suppress; (2) counsel was ineffective for failing to object to the warrant; (3) the evidence was insufficient for lack of a videotape; (4) the evidence was lacking because only hearsay was offered to support the conviction; (5) he was arrested days after the incident; and (6) the conviction stemmed from an unreliable witness.

State prisoners filing petitions for a writ of habeas corpus are required to exhaust their state remedies **before** proceeding to federal court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1) (emphasis added).  In order to satisfy this exhaustion requirement, a state prisoner must "fairly present" all of his claims to the state court.  *See Picard v. Connor*, 404 U.S. 270, 275 (1971).  In Texas, all claims must be presented to and ruled upon the merits by the Texas Court of Criminal Appeals.  *See Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).  Moreover, the Supreme Court held that "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made." *Wilder v. Cockrell*, 274 F.3d 255, 259 (2001); *see also Vela v. Estelle*, 708 F.2d 954, 958 n.5 (5th Cir. 1983) (explaining that "where petition advances in federal court an argument based on a legal theory distinct from that relied upon by the state courts, he fails to satisfy the exhaustion requirement.") (internal citations omitted).

The Fifth Circuit has explained that if a state court bases its decision upon the alternative grounds of procedural default and a rejection on the merits, the federal court must, in the absence of a showing of cause and prejudice, deny habeas relief because of the procedural default. *Hughes v. Dretke*, 412 F.3d 582, 592 (5th Cir. 2005); *Amos v. Scott*, 61 F.3d 333, 341-42 (5th Cir. 1995).

When the state court does not review the petitioner's claim on the merits, but rejects the claim based upon an adequate and independent state law ground, the federal court will consider the claim procedurally defaulted. *Muniz v. Johnson*, 132 F.3d 214, 219 (5th Cir.), *cert. denied*, 523 U.S. 1113 (1998). If a procedural default has occurred, federal habeas review of the claim is barred unless the petitioner can show cause for the default and actual prejudice as a result of the alleged violation of federal law, or that a fundamental miscarriage of justice would result from the failure

to address his federal claim. *See Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Fundamental miscarriages of justice are limited to cases where the petitioner can make a persuasive showing that he is actually innocent of the charges against him. *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001).

Additionally, when a habeas petition includes both exhausted and unexhausted claims, traditionally, federal courts in Texas have dismissed the entire petition for the petitioner's failure to exhaust. *See, e.g., Galtiere v. Wainwright*, 582 F.2d 348, 355 (5th Cir. 1978) (*en banc*) ("The policy in this circuit is that a federal district court must dismissed without prejudice a 'mixed' petition for a writ of habeas corpus filed by a state prisoner."); *Chevalier v. Director*, 2008 WL 972696, at *2 (E.D.Tex—Tyler Apr. 9, 2008) ("Historically, federal courts in Texas have dismissed petitions in their entirety that included unexhausted claims in addition to claims that had been exhausted."). In light of more recent precedent, however, unexhausted claims are now dismissed as procedurally defaulted unless the petitioner demonstrates cause and prejudice or that a fundamental miscarriage of justice would result from a court's refusal to consider a claim. *Coleman*, 501 U.S. at 729-30; *see also Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995). The Supreme Court explained the doctrine as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750. Unexhausted claims in a mixed habeas petition are now dismissed as procedurally barred. *See Fearance*, 56 F.3d at 642 ("Accordingly, this court is barred from reviewing the merits of Fearance's forced medication claims: The adequate and independent state ground doctrine "bar[s] federal habeas when a state court decide[s] to address a prisoner's federal claims because the prisoner had failed to meet a state requirement."); *see also Finley v. Johnson*,

243 F.3d 215, 218 (5th Cir. 2001) (same). Such unexhausted claims would be procedurally barred because if a petitioner attempted to exhaust the claims in state court, the claims would be barred by the Texas abuse-of-the writ rules. *Fearance*, 56 F.3d at 642.

Here, James presents a mixed federal petition—as some of his claims are exhausted while others are not. James's petition for discretionary review (PDR) was dismissed as untimely, (Dkt. #13, pg. id. #170); as a result, any claim he raised in that petition cannot be considered exhausted because the state court did not rule upon those PDR claims. In other words, the state court dismissing James's PDR as untimely is not a merits determination.

In his state habeas application, James asserted that (1) counsel was ineffective for failing to suppress irrelevant evidence; (2) counsel was ineffective for failing to object to the prosecutor's improper statements; (3) counsel was ineffective for failing to investigate the officer's statement/testimony regarding positive identity; (4) the State never produced a tape; (5) the evidence was unfairly prejudicial, emotional, and inflamed passions; and (6) the unfiled evading incident was prejudicial. *See* Dkt. #13, pg. id. #710-718; 728-730 (James's state habeas application and accompanying memorandum of law).

James's federal claims concerning counsel's failure to object to the warrant, insufficient evidence because it was merely hearsay, his arrest days after the incident, and the unreliable witness are all unexhausted because he did not raise them in the state courts. However, contrary to Respondent's claim and given that *pro se* filings are afforded leeway, the record reveals that James did exhaust his current federal claims concerning counsel's failure to file a motion to suppress and his claim that the evidence was insufficient because there was no videotape.

Notwithstanding James's failure to exhaust these particular claims before filing them in federal court, as mentioned, the unexhausted claims are procedurally defaulted. The unexhausted

claims are procedurally defaulted because if James were to file a successive state habeas application attempting to raise these claims, Texas would apply its abuse-of-the-writ doctrine—a doctrine that prohibits a second habeas application, absent a showing of cause, if the applicant urges claims therein that could have been but were not raised in the first application. *See Coleman*, 501 U.S. at 735 n.1; *see also Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997) (finding that the unexhausted claim, which would be barred by the Texas abuse-of-the-writ doctrine if raised in a successive application, "represents an adequate state procedural bar for purposes of federal habeas review"); *Etheridge v. Johnson*, 209 F.3d 718, 2000 WL 283176, at *7 (5th Cir. 2000) (Table) ("We agree that Etheridge is procedurally barred from raising this unexhausted claim in state courts because of the Texas abuse of the writ doctrine.").

Accordingly, James's federal claims regarding counsel's failure to object to the warrant, insufficient evidence because it was merely hearsay, his arrest days after the incident, and the unreliable witness are both unexhausted and procedurally defaulted. *See, e.g.*, *Cunningham v. Lumpkin*, 2021 WL 2723591, at *8 (S.D. Tex. June 30, 2021) ("If a petitioner with an unexhausted claim would be barred from returning to state court by Texas' abuse of the writ doctrine, TEX. CODE CRIM. PROC. art. 11.07 § 4, the claim is barred under the federal procedural default doctrine.").

To overcome this federal bar, as mentioned, James must show both cause actual prejudice as a result of the alleged violation of federal law, or that a fundamental miscarriage of justice would result from the failure to address his federal claim. *Coleman*, 501 U.S. at 750. The "fundamental miscarriage of justice" exception is limited to cases in which the petitioner demonstrates actual innocence. *See Garza v. Stephens*, 738 F.3d 669, 675 n.3 (5th Cir. 2013). While Petitioner maintains that he is actually innocent because he has an alibi, (Dkt. #17, pg. 10), the Court has

determined that such claim is without merit and should be dismissed—which will be discussed more below. Because James has not shown that he is actually innocent, he has not shown a fundamental miscarriage of justice and his unexhausted claims are procedurally barred. Those claims will not be addressed and should be dismissed.

James states that the Court should review his unexhausted claims by citing *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Trevino v. Thaler*, 569 U.S. 413 (2013). *Martinez*, together with *Trevino*, established that a procedural default does not bar federal review of a substantial claim of ineffective assistance of trial counsel if trial counsel in the initial-review collateral proceeding was ineffective. In *Martinez*, the Supreme Court held that where state law provides that "claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez*, 566 U.S. at 17; *see also Trevino*, 569 U.S. at 428 (recognizing that the "narrow exception" created by Martinez applies in Texas, where claims of ineffective assistance of trial counsel are precluded from direct appeal "as a matter of course.").

Here, James maintains that because he did not have counsel for his state habeas proceeding and he was forced to proceed *pro se*, the procedural bar should not apply. As with his entire petition, however, James's allegations and statements are purely conclusory. James's claim that he was "denied counsel altogether," without more, does not reveal a constitutional violation. *See Gaitan v. Lumpkin*, 2021 WL 4447073, at *1 (5th Cir. 2021) (unpublished) ("Reasonable jurists would not debate that accusations devoid of any evidence are insufficient to support a habeas petition.") (citing *Ross*, 694 F.2d at 1012).

B. Exhausted Claims

Indeed, James is correct that many of his federal habeas claims are exhausted. James's federal habeas claims that are exhausted, not procedurally barred, and thereby allow this Court to consider them are as follows: (1) trial counsel was ineffective for failing to file a motion to suppress; (2) trial counsel was ineffective for failing to object to irrelevant evidence in the form of a previous evading incident; (3) trial counsel was ineffective for failing to object to the prosecutor's statements; (4) trial counsel was ineffective for failing to investigate the officer's testimony concerning a positive identification; (5) the trial court erred because the evidence lacked a videotape; (6) the trial court erred because the evidence was inflammatory, unfairly prejudicial, and misleading; (7) his rights to a fair trial were violated by using an extraneous offense; and (8) actual innocence. Each claim will be addressed in turn.

As an initial matter, the crux of James's petition and challenge to his conviction stems from his claim that his rights to a fair trial were violated because the evidence of an extraneous incident, an extraneous offense, and issues with his identification. His claims of ineffective assistance of counsel are related to those claims and his underlying complaints.

*1. Claims of Ineffective Assistance of Counsel*

For James to succeed on claims that his trial counsel was constitutionally ineffective, he must demonstrate both deficient performance and ensuing prejudice.

a. Failure to File a Motion to Suppress and "Irrelevant Evidence"

James contends that trial counsel was ineffective for failing to file a motion to suppress "illegally obtained evidence" and/or "evidence irrelevant to the case." However, the Court notes that James does not identify what the "illegally obtained evidence" is or what the irrelevant

evidence is. He also claims that counsel was ineffective for failing to object to irrelevant evidence of his evading twenty days prior to his arrest.

James raised this claim in his state habeas application, arguing that "counsel was ineffective for not suppressing evidence irrelevant to the case," (Dkt. #13, pg. id. #715). The Texas Court of Criminal Appeals denied the application without written order. The implicit rejection of his claim is entitled to deference under the AEDPA—even if the state habeas court failed to enter findings of fact and conclusions of law. The failure to enter express findings of fact does not preclude deference under the AEDPA because "[a]s a federal court, we are bound by the state habeas court's factual findings, both implicit and explicit." *See Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *see also Becerril v. Quarterman*, 2007 WL 1701869, at *4 (S.D. Tex.—Houston Jun. 11, 2007) ("The Texas Court of Criminal Appeals adopted the trial court's findings when it denied relief.  A federal court is bound by the state habeas court's factual findings, both implicit and explicit.") (citation omitted).

In Texas, when the Court of Criminal Appeals denies a state habeas petition—with or without an order or opinion—the "denial" means that the court addressed and rejected the merits of a particular claim.  *See Ex parte Torres*, 943 S.W.2d 469, 472 (Tex.Crim.App. 1997) ("In our writ jurisprudence, a 'denial' signifies that we addressed and rejected the merits of a particular claim while a 'dismissal' means that we declined to consider the claim for reasons unrelated to the claims merits."); *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000) ("Under Texas law, a denial of relief by the Court of Criminal Appeals serves as a denial of relief on the merits of the claim.").

Here, because James's state habeas application wherein he raised this claim was denied, it was resolved on the merits—irrespective of whether the state habeas court entered explicit findings. Those findings and conclusions are entitled to a presumption of correctness on federal

habeas review and the petitioner has the burden of overcoming this presumption. *See Carter v. Collins*, 918 F.2d 1198, 1202 (5th Cir. 1990).

28 U.S.C. § 2254(e)(1) provides the following:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Under this statute, then, only one avenue exists in which a federal court can ignore state fact findings: When the petitioner rebuts the presumption of correctness by clear and convincing evidence. James is therefore bound by section 2254 and must show that the state court's adjudication of his claim(s) resulted in a decision which was contrary to or involved an unreasonable application of clearly established federal law—as established by the Supreme Court, or resulted in a decision based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *See Rivera v. Quarterman*, 505 F.3d 349, 356 (5th Cir. 2007).

James has not done so. To show that counsel was ineffective for failing to file a motion to suppress, the petitioner must show that the motion would have been meritorious. *See Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986) (holding that when an ineffectiveness claim is grounded on counsel's alleged failure to litigate a Fourth Amendment claim, "the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice."); *Jackson v. Thaler*, 358 F. App'x 585, 586 (5th Cir. 2009) (unpublished) ("An attorney's failure to file a motion to suppress may constitute deficient performance if the evidence would have been suppressed as a result of the motion.") (citing *Ward v. Dretke*, 420 F.3d 479, 488 (5th Cir. 2005)).

Here, James does not identify what, exactly, should have been suppressed. Specifically, while he contends that counsel was ineffective for "not suppressing evidence irrelevant to the case," he does not identify this allegedly irrelevant evidence. To the extent that James maintains that the "irrelevant evidence" consists of his prior evading incident and his status as a registered sex offender, which he stresses in both this federal petition and his state application, such claims should be dismissed. In its opinion affirming James's conviction, the Court of Appeals found that (1) the trial court did not err in admitting evidence of James's extraneous offense that he evaded arrest twenty days prior to the charged crime as evidence of modus operandi; (2) the court did not abuse its discretion in admitting extraneous offense of James's status as a registered sex offender because its probative value was not substantially outweighed by the danger of unfair prejudice; and (3) any error in admitting evidence of the sex offender issue did not harm James. *See James*, 555 S.W.3d at 259-262.

Here, given James's conclusory allegation that counsel was ineffective for failing to file a motion to suppress, he failed to demonstrate that the state courts'—both the Court of Appeals and the state habeas court—rejection of this claim was unreasonable or contrary to federal law. Conclusory allegations do not present constitutional issues in a habeas proceeding. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983).

Turning to James's claim that counsel was ineffective for failing to object to the evidence of his evading arrest prior to the arrest, for reasons explained above, such claim should be denied because James failed to demonstrate that the state courts' explicit and implicit findings—that James's extraneous offenses were not prejudicial and did not harm his case—were unreasonable or contrary to federal law. Additionally, the record confirms that trial counsel raised objections to both forms of evidence—the previous evading incident and James's status as a sex offender. *See*

Dkt. # 12, pg. id. # 93-94; 99-101. But James failed to allege, much less show, how additional objections on these issues would have made a difference in the outcome of the proceedings. These claims should be dismissed.

> ### b. Failing to Object to the Prosecutor's Statements

James further contends that trial counsel was ineffective for failing to object to the prosecutor's statements. Once again, however, James does not identify what statements deserved an objection and failed to show how any objection would have been meritorious or had an affect on the outcome of the proceedings. *See, e.g.*, *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) (the "[f]ailure to raise meritless objections is not ineffective lawyering; it is the very opposite."); *Johnson v. Cockrell*, 306 F.3d 249, 255 (5th Cir. 2002) (explaining that counsel is not required to make frivolous or futile motions or objections); *see also Ross*, 694 F.2d at 1012 (conclusory allegations are insufficient on federal habeas review). Accordingly, this claim should be dismissed.

> ### c. Failure to Investigate Officer

Next, James claims that trial counsel was ineffective for failing to investigate "the officer's testimony that the officer could positively identify [him] from video of alleged evading charge (20) days prior that, [he] was never arrested for or charged in the incident, [he] was never properly represented in this case at no time counsel's performance was insufficient … and poorly administered," (Dkt. #1, pg. 16).

To demonstrate that counsel was ineffective for failing to investigate, a petitioner must allege—with specificity—what the investigation would have revealed and how it would have changed the outcome of the trial. *See Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005). Here, James has pleaded neither. Accordingly, because conclusory allegations are insufficient on habeas relief, this claim should be dismissed. *See, e.g.*, *United States v. Green*, 882 F.2d 999, 1003 (5th

Cir. 1989) ("Green has not demonstrated prejudice, however, as he failed to suggest with specificity what exculpatory evidence could have been uncovered by a more thorough investigation by his counsel, and failed to show that counsel's failure to follow up on his leads was unreasonable.").

For all of his claims that counsel was constitutionally ineffective, James has neither demonstrated deficient performance nor ensuing prejudice. He also failed to show that the state court's rejections of his claims were unreasonable or contrary to federal law. His various claims of ineffective assistance of counsel should therefore be dismissed.

### 2. Claims of Trial Court Error

Turning to James's claims of trial court error, the Court notes that the Fifth Circuit has repeatedly held that claims of trial court error may justify federal habeas relief if the error "is of such magnitude as to constitute a denial of fundamental fairness under the due process clause." *See Krajcovic v. Director*, 2017 WL 3974251, at *6 (E.D. Tex. June 30, 2017) (quoting *Skillern v. Estelle*, 720 F.2d 839, 852 (5th Cir. 1983)); *see also Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993) (To be actionable in federal court, the trial court error must have "had substantial and injurious effect or influence in determining the jury's verdict."). In other words, James must show that he was prejudiced by the purported trial court error.

### a. Prejudicial and Inflammatory Evidence

James asserts that he was not afforded a fair trial because the trial court erred in admitting prejudicial, inflammatory, misleading, and confusing evidence in the form of extraneous offenses and/or conduct. He claims that the jury's verdict rests on emotion and an "improper basis."

As Respondent indicates, however, James does not specify *how* the evidence was prejudicial, inflammatory, misleading or confusing—rather, he merely states that the evidence was

16

so. The Fifth Circuit has held that "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue of his pro se petition, to be of probative evidentiary value." *Ross*, 694 F.3d at 1011.

Nevertheless, both the appellate court and the state habeas court addressed the introduction of James's extraneous offense and conduct—the other evading incident twenty days prior to his arrest and his status as a sex offender. As mentioned above, the appellate court rejected each of James's claims concerning these issues by finding that the (1) trial court did not abuse its discretion of admitting evidence of an extraneous offense that James evaded arrest twenty days prior to the charged crime as evidence of modus operandi; (2) the court did not abuse its discretion in admitting extraneous offense as its probative value was not substantially outweighed by the danger of unfair prejudice; and (3) if the court did err, admitting evidence that James was a registered sex offender did not harm him. *James*, 555 S.W.3d at 254. The state habeas court then implicitly rejected his continuous complaints about the introduction of this evidence in denying James's state habeas application. James has failed to allege, much less show, that the rejection of his claims of an unfair trial due to the introduction of this evidence was unreasonable or contrary to federal law.

Under Texas law, when weighing whether the probative value of a prior conviction against its prejudicial effect, court examine the following non-exclusive factors: (1) the impeachment value of the prior crime; (2) its temporal proximity to the charged offense; (3) its similarity to the charged offense; (4) the importance of the defendant's testimony; and (5) the importance of the credibility issue. *See Theus v. State*, 845 S.W.2d 874, 880 (Tex. Crim. App. 1992); *see also* TEX. R. EVID. 609(a)(2); Fed. R. Evid. 609(b).

The trial record shows that James objected during trial to the State introducing evidence that he failed to inform his compliance officer what car he was driving—which is required for the

sex offender registry, (Dkt. #12, pg. id. #48) (relevant trial transcript excerpt). In response, the State argued the evidence was offered to show James's motive for attempting to evade police. *Id*. The trial court overruled James's objection and allowed the evidence to be introduced. Here, as the appellate court found on direct appeal, the prior conviction for indecency with a child was probative—as it could explain to the jury why James would attempt to evade police since he failed to register as a sex offender. James failed to demonstrate any error in admitting this evidence and further failed to demonstrate how the state court's rejection of this claim was contrary to federal law.

Similarly, with respect to the prior evading incident, James maintains that the introduction of this evidence was prejudicial because it led the jury believe that he would evade arrest again. Texas Rule of Evidence 404(b)(1) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, the rule further provides that such evidence may be admissible for another purpose—such as motive, opportunity, intent, preparation, plan, lack of mistake, identity, absence of mistake, or knowledge. *See* TEX. R. EVID. 404(b)(2). This form of evidence can be admitted if it possesses relevance beyond its tendency to show propensity or conformity. *See Daggett v. State*, 187 S.W.3d 44, 451-52 (Tex. Crim. App. 2005). The Texas rule is substantially similar to Rule 404 of the Federal Rules of Evidence.

Here, as the appellate court reasoned, the evidence could be used as a modus operandi and therefore was properly introduced. Respondent is also correct: Once James challenged his identity as the driver evading police at trial, the State could then properly introduce evidence of an extraneous offense/incident with "some distinguishing characteristics" in common with the current offense. *See, e.g.*, *Hartsfield v. State*, 305 S.W.3d 859, 871-72 (Tex. App.—Texarkana, 2010, pet.

ref'd); *see also Sharper v. State*, 485 S.W.3d 612, 621 (Tex. App.—Texarkana, 2016, pet. ref'd) ("After a defendant places his identity in issue, the State may 'offer evidence of an extraneous offense to prove his identity if there [is] some distinguishing characteristic common to both the extraneous offense and the offense for which [the defendant] is on trial.") (internal citation omitted).

James failed to demonstrate that the introduction of this extraneous conviction and offense deprived him a fundamentally fair trial and that his due process rights were violated. Moreover, James failed to demonstrate that the state courts' rejection of these claims was unreasonable or contrary to federal law. These claims should be dismissed.

b. Lack of Video—Insufficient Evidence

Next, James asserts that his rights to a fair trial were violated when the State failed to produce a video to support his conviction for evading arrest. Under federal precedent, it is well-settled that district courts examining a state conviction on habeas review analyze whether the record adduced at trial shows that no rational trier of fact could have found proof of guilt beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979) ("A review of the record in the light most favorable to the prosecution convinces us that a rational factfinder could readily have found the petitioner guilty beyond a reasonable doubt of first-degree murder under Virginia law."); *see also Wilson v. Rader*, 619 F. App'x 369, 370 (5th Cir. 2015) (Mem) (unpublished) ("The applicable standard for testing the sufficiency of the evidence in a federal habeas review of a state court conviction is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.") (internal citations and quotations omitted).

Here, the trial record demonstrates that the State presented a patrol-unit video and the body camera footage used by Officer Clark, (Dkt. #13, pg. id. #495-496). Accordingly, James's claim that there was no "video" evidence is refuted by the record. Furthermore, James failed to demonstrate that the state court's rejection of his claim of insufficiency of the evidence was unreasonable or contrary to federal law. James's claims of trial court error should be dismissed because he has not identified a constitutional violation.

c. Actual Innocence

James maintains that he is actually innocent based on all of his claims of ineffective assistance of counsel. In other words, James's actual-innocence claim rests upon how he was allegedly denied effective counsel for the reasons explained above.

Actual innocence, if proven, "serves as a gateway through which the petitioner may pass whether the impediment is a procedural bar … or, as in this case, expiration of the statute of limitations." *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). In this way, the Supreme Court explained that tenable actual-innocence gateway pleas are rare; a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Id.* (*citing Schlup v. Delo*, 513 U.S. 298, 329 (1995) (claim of actual innocence requires the petitioner to support his allegations of constitutional error with new reliable evidence, whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence which was not presented at trial)).

The Supreme Court has explained that the burden of demonstrating actual innocence is extraordinary:

> To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence. The

> petitioner is required to make a stronger showing than needed to establish prejudice.  At the same time, the showing of 'more likely than not' imposes a lower burden of proof than the 'clear and convincing' standard required under *Sawyer*.  The *Carrier* standard thus ensures that petitioner's case is truly 'extraordinary.'

*Schlup*, 513 U.S. at 327.  In *House v. Bell*, 547 U.S. 518, 537 (2006), the Supreme Court further highlighted the actual innocence standard under *Schlup*.  Specifically, the Court explained that an actual innocence claim, to be credible, requires "new reliable evidence," such as exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.  *House*, 547 U.S. at 537.

However, the Court noted that the habeas court's analysis is not limited to such evidence only, as the "habeas court must consider 'all the evidence,' old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under "rules of admissibility that would govern a trial."  *Id*. at 538 (quoting *Schlup*, 513 U.S. at 327-28).  Then, "[b]ased on this total record, the court must make 'a probabilistic determination about what reasonable, properly instructed jurors would do.'"  *Id*. (quoting *Schlup*, 513 U.S. at 329).

Further, "the *Schlup* standard is demanding and permits review only in the 'extraordinary' case."  *Id*. at 538 (quoting *Schlup*, 513 U.S. at 327).  Although in the vast majority of cases claims of actual innocence are rarely successful, the "*Schlup* standard does not require absolute certainty about the petitioner's guilt or innocence."  *Id*.  Rather,

> A petitioner's burden at the gateway stage is to determine that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt—or, to remove the double negative, that more likely than not any reasonable juror would have a reasonable doubt.

*Id*.  More recently, the Fifth Circuit discussed the type of evidence that must be presented in order to satisfy the actual innocence standard:

> Proving such a claim is daunting indeed, requiring the petitioner to show, as a factual matter, that he did not commit the crime of conviction. The petitioner must support his

allegations with new, reliable evidence that was not presented at trial and must show that it was more likely than not that no reasonable juror would have convicted him in light of the new evidence. Such new, reliable evidence may include, by way of example, exculpatory scientific evidence, credible declarations of guilt by another, trustworthy eyewitness accounts, and certain physical evidence.

*McGowen v. Thaler*, 675 F.3d 482, 499-500 (5th Cir. 2012), *cert. denied*, 133 S. Ct. 648 (2012) (internal quotations and citations omitted).

Moreover, courts distinguish between "actual innocence" and "factual innocence." While actual innocence, as explained above, means that the person did not commit the crime, "legal innocence" arises when a constitutional violation by itself would necessitate a reversal. *See Morris v. Dretke*, 90 F. App'x 62 (5th Cir. 2004) (unpublished) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). In *Morris*, the Fifth Circuit observed that "because Morris is not arguing that he was not the person who committed the crime, the actual innocence exception is not available to him."

Here, James fails to meet these burdens. He has presented no new, reliable evidence that was not presented at trial to demonstrate actual innocence. Moreover, as explained above, he has neither identified a constitutional violation nor shown that the state courts' rejections of his exhausted claims were unreasonable or contrary to federal law. His claim of actual innocence should be dismissed.

## VII. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, under 28 U.S.C. § 2253(c)(1), he must first obtain a certificate of appealability ("COA") from a circuit justice or judge. *Id.* Although Petitioner has not yet filed a notice of appeal, the court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate

of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner need only show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  The Supreme Court recently emphasized that the COA inquiry "is not coextensive with merits analysis" and "should be decided without 'full consideration of the factual or legal bases adduced in support of the claims.'"  *Buck*, 137 S. Ct. 773 (quoting *Miller-El*, 537 U.S. at 336).  Moreover, "[w]hen the district court denied relief on procedural grounds, the petitioner seeking a COA must further show that 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"  *Rhoades v. Davis*, 852 F.3d 422, 427 (5th Cir. 2017) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012)).

Here, James failed to present a substantial showing of a denial of a constitutional right or that the issues he has presented are debatable among jurists of reason. He also failed to demonstrate that a court could resolve the issues in a different manner or that questions exist warranting further proceedings.  Accordingly, he is not entitled to a certificate of appealability.

## RECOMMENDATION

For the foregoing reasons, it is recommended that Petitioner James's federal habeas petition be dismissed. Specifically, the Court recommends that James's unexhausted claims be dismissed,

without prejudice. His exhausted claims, as outlined above, should be dismissed with prejudice. Finally, it is recommended that Petitioner James be denied a certificate of appealability *sua sponte*.

Within fourteen (14) days after the receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations, and, except on the grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*) (extending the time to file objections from ten to fourteen days).

**SIGNED this 1st day of August, 2022.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE